IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF TEXAS SHERMAN
DIVISION

| | |
|---|---|
| MATTHEW L. MCALLISTER, | § |
| | § |
| *Plaintiff*, | § |
| | § |
| vs. | § Civil Action 4:23-cv-205 |
| | § |
| FUTURE MOTION, INC. A/K/A. | § |
| ONEWHEEL, | § |
| | § |
| *Defendant*. | § |

**PLAINTIFF'S ORIGINAL COMPLAINT**

**To the Honorable United States Judge of Said Court:**

COMES NOW, MATTHEW L. MCALLISTER (hereinafter referred to as "Plaintiff"), and respectfully files this Original Complaint against FUTURE MOTION, INC. A/K/A ONEWHEEL (hereinafter referred to as "Defendant"), and in support hereof would state and show the following:

**I. Parties**

1. Plaintiff MATTHEW L. MCALLISTER is a citizen and resident of Frisco, Collin County, Texas.

2. Defendant Future Motion, Inc. a/k/a Onewheel (Onewheel) is a foreign corporation doing business in Texas, and service of process upon this Defendant may be had by serving its CEO, Kyle Doerksen, at the Defendant's principal office located at 1881 Mission Street, Santa Cruz, CA 95060.

## II. Jurisdiction

3. This Court has jurisdiction over the lawsuit under the provisions of 28 U.S.C. Section 1332.

4. The parties to this lawsuit are citizens of different states, and the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

## III. Facts

5. On or about July 23, 2022, MATTHEW L. MCALLISTER was operating a motorized Onewheel at or near his home.

6. While operating the motorized Onewheel in a safe and prudent manner, the board suddenly and unexpectedly accelerated forward causing Matthew to attempt to control the board as it suddenly accelerated. The board changed pitch again and nose-dived into the ground throwing Matthew off the board.

7. In the incident, Mr. McCalley suffered severe and debilitating injuries.

## IV. Cause(s) of Action as to Defendant

8. Defendant is in the business of designing, manufacturing, marketing, distributing, assembling, and/or testing motorized Onewheel boards, including the subject motorized board.

9. Defendant, either alone or in conjunction with some other individual(s) and/or entity(ies), designed, manufactured, marketed, distributed, assembled, and/or tested said motorized board in question that left Plaintiff with severe injuries.

10. The motorized board was defective and unreasonably dangerous for its intended use.

11. The motorized board was defective at the time it left Defendant's control.

12. Reasonable consumers would not have been aware of the defective condition of the

motorized board.

13. Plaintiff was not aware of the defects in the subject motorized board.

14. It was entirely foreseeable to and well-known by Defendant that accidents and incidents involving its motorized board, such as occurred herein, would on occasion take place during the normal and ordinary use of said motorized board.

15. The injuries complained of occurred because the motorized board in question was not reasonably crashworthy, and was not reasonably fit for unintended, but clearly fore- seeable, accidents. The motorized board in question was unreasonably dangerous in the event it should be involved in an incident such as occurred herein.

16. Defendant either knew or should have known of at least one safer alternative design which would have prevented the accident and/or the injuries complained of herein.

17. Defendant, either alone or in conjunction with some other individual(s) and/or entity(ies), designed, manufactured, marketed, distributed, assembled, and/or tested said motorized board in question to be unreasonably dangerous and defective within the meaning of Section 402(A) Restatement (Second) Torts, in that the motorized board was unreasonably dangerous as designed, manufactured, marketed, distributed, assembled, and/or tested because Defendant knew and/or should have known of the following, non-exhaustive list of defects:

   a. the Onewheel motorized board is unstable;
   b. the Onewheel motorized board has poor handling characteristics;
   c. the Onewheel motorized board's response to input is too severe;
   d. the Onewheel motorized board is prone to experience severe diving forward;
   e. the Onewheel motorized board is prone to experience severe diving in the forward direction;
   f. the Onewheel motorized board reacts without warning and too rapidly;
   g. the Onewheel board has a warning system which causes confusing feedback to the end-user;
   h. Onewheel motorized board had inadequate protection in the event of a diving forward;

        and/or
  i. the Onewheel motorized board had inadequate safety device such as fangs or front casters to prevent sudden stopping when the board dives forward.

18. In designing a product, efforts should be made by manufacturers to identify potential risks, hazards, and/or dangers that can lead to serious injury or death.

19. Once potential risks, hazards, and/or dangers are identified, then the potential risks, hazards, or dangers should be eliminated if possible.

20. If the potential risks, hazards, and/or dangers can't be eliminated, then they should be guarded against.

21. If the potential risks, hazards, and/or dangers can't be eliminated or guarded against, they should at least be warned about.

22. A company that does not conduct a proper engineering analysis that would help it to identify potential risk, hazards, and/or dangers that could seriously injure someone is negligent.

23. Defendant was negligent in the design, manufacture, marketing, distribution, assembly, and/or testing of the motorized board in question.

24. The Defendant was negligent in the following, non-exhaustive list of ways:
  a. Failing to conduct proper testing; and/or
  b. Failing to conduct rigorous engineering analysis.

25. Defendant is currently in exclusive possession and control of all the technical materials and other documents regarding the design, manufacture, and testing of the product in question.

26. Defendant is also in possession of what, if any, engineering analysis it performed.

27. However, it is expected that after all of these materials are produced in discovery and/or after Defendant's employees and corporate representatives have been deposed, additional allegations may come to light.

28. The foregoing acts and/or omissions of Defendant were a producing, direct, and/or proximate cause of the Plaintiff's damages.

29. The foregoing acts and/or omissions of Defendant were a producing, direct, and/or proximate cause of Plaintiff's serious injuries.

### V. Damages to Plaintiff

30. As a result of the acts and/or omissions of Defendant, Plaintiff has endured both past and future pain and suffering, extreme emotional distress, mental anguish, impairment, disfigurement, loss of consortium, interference with his daily activities, and a reduced capacity to enjoy life as a result of his injuries.

31. As a result of the acts and/or omissions of Defendant, Plaintiff has endured both past and future loss of income, including scholarships.

32. As a result of the acts and/or omissions of Defendant, Plaintiff has become obligated to pay extensive medical expenses.

33. The above and foregoing acts and/or omissions of Defendant, resulting in the injuries to Plaintiff, have caused actual damages in an amount in excess of the mini- mum jurisdictional limits of this Court.

## VI. Conclusion and Prayer

34. For the reasons presented herein, Plaintiff prays that the Defendant be cited to appear and answer, and that upon a final trial of this cause, Plaintiff recovers judgment against Defendant for:

    a. actual damages;
    b. economic and non-economic damages;
    c. prejudgment and post-judgment interest at the maximum rate allowable by law;
    d. costs of suit; and
    e. all other relief, general and special, to which the Plaintiff is entitled to at law and/or in equity, and/or which the Court deems proper.

Respectfully submitted,

  /s/ Stewart D. Matthews
Stewart D. Matthews
State Bar No. 24039042
Attorney@accidentlawyer.legal
16950 Dallas Parkway
Suite 109
Dallas, Texas 75248
(972) 398-6666 – Phone
(214) 206-9991 – Fax

Attorney for Plaintiff